IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HOBBY LOBBY STORES, INC., | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:25-CV-125 (LAG) |
| VALDOSTA MALL CORNERS, LLC, | : | |
| Defendant. | : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Failure to Join an Indispensable Party (Doc. 17). For the reasons below, Defendant's Motion is **GRANTED**.

## BACKGROUND

On October 9, 2025, Plaintiff Hobby Lobby Stores, Inc. filed this action against Valdosta Mall Corners, LLC (VMC), and Motley 7 Brew, LLC (Motley 7 Brew). (Doc. 1). That same day, Plaintiff filed a Motion for Temporary Restraining Order against Defendants. (Doc. 2). Plaintiff seeks to halt the construction of a Motley 7 Brew coffee shop in the shopping center parking lot attached to its leased premises. (Doc. 1; Doc. 2). Plaintiff generally alleges that its landlord, VMC, breached their lease agreement by permitting Motley 7 Brew to build on the lot without providing notice or obtaining consent. (Doc. 1; Doc. 2). The Court held a hearing on the Motion on October 17, 2025. (Doc. 6). A day before the hearing, Defendants filed a Motion to Dismiss for Lack of Jurisdiction, arguing that the Court lacked diversity jurisdiction over the action. (Doc. 10-1 at 3–4). Conceding the lack of complete jurisdiction, Plaintiff voluntarily dismissed Motley 7 Brew from the case. (Docs. 13, 14). Defendant VMC then filed the Motion to Dismiss for Failure to Join an Indispensable Party, arguing that Plaintiff cannot cure the jurisdictional defect by dismissing Motley 7 Brew from the suit because complete relief cannot be granted in Motley 7 Brew's absence, their interests would be impeded, there is a risk of inconsistent

outcomes, and equity and good conscience support a finding that Motley 7 Brew is an indispensable party. (Doc. 17-1 at 3–9).

On October 20, 2025, Plaintiff filed a post-hearing brief in which it conceded that Motley 7 Brew was, in fact, an indispensable party and that the Court did not have jurisdiction to hear the matter. (Doc. 21 at 3). Notably, before Plaintiff filed it's post-hearing brief, VMC filed an Answer and Counterclaim (Doc. 20), asserting a claim for attorney's fees based on a provision in the parties' contract requiring the losing party in any contract-related litigation to reimburse the prevailing party for attorney's fees incurred. (*Id.* at 16–18).

## LEGAL STANDARD

A court may not proceed with deciding the merits of a case until it first determines that it has subject matter jurisdiction. *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits . . . unless and until we are assured of our subject matter jurisdiction."). "A district court can hear a case only if it has 'at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).'" *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citing *PTA–FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds . . . $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). "If the court finds that it does not have subject matter jurisdiction, 'the court's sole remaining act is to dismiss the case for lack of jurisdiction.'" *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000)).

## DISCUSSION

The Parties agree that, because Plaintiff is an Oklahoma corporation and one of Motley 7 Brew's partners is also an Oklahoma corporation, complete diversity does not

exist.[1]  (Doc. 10-1 at 2; Doc. 14 at 1–2; Doc. 15 at 3; Doc. 21 at 3). The Parties also agree that Motley 7 Brew is an indispensable party, and that the action should be dismissed for lack of jurisdiction. (Doc. 10-1 at 2; Doc. 17-1 at 9; Doc. 21 at 3); *Thermoset*, 849 F.3d at 1319 (citing *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1343 (11th Cir. 2011)) (holding that where the court concludes that a party is indispensable, the court must dismiss the entire case).

Moreover, because the Court lacks subject matter jurisdiction over the Complaint, it cannot exercise jurisdiction over the counterclaim unless the counterclaim states an independent basis for federal jurisdiction. *See* 6 Fed. Prac. & Proc. Civ. § 1414 (3d ed.) ("[I]t generally is agreed that if the court determines that there is no basis for federal jurisdiction over plaintiff's original claim, then it cannot proceed to adjudicate a compulsory counterclaim that does not have an independent jurisdictional basis.") (collecting cases); *E.-Bibb Twiggs Neighborhood Ass'n v. Macon-Bibb Plan. & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989) (quoting *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.,* 426 F.2d 709, 714 (5th Cir. 1970)) ("[A] federal court cannot consider a permissive counterclaim unless the counterclaimant asserts an independent jurisdictional basis."). Here, not only does the Answer and Counterclaim (Doc. 20) fail to identify any independent basis for federal jurisdiction over the state-law claim for attorney's fees, VMC affirmatively states that the Court lacks jurisdiction over the Complaint, (*see id.* at 2), and seeks relief only "[t]o the extent this Court has subject matter jurisdiction." (*Id.* at 16).

## CONCLUSION

Accordingly, the Motion to Dismiss for Failure to Join an Indispensable Party (Doc. 17) is **GRANTED**. This case is **DISMISSED without prejudice**.

**SO ORDERED**, this 23rd day of October, 2025.

---

[1] Motley 7 Brew has one member, M7B, a Delaware limited partnership. (Doc. 10-1 at 6). M7B has six partners, including Orangewood Partners II, LP, a Delaware limited partnership. (*Id.* at 6–7). One of Orangewood Partners II, LP's partners is an Oklahoma corporation. (*Id.* at 7, 10).

3

<u>/s/ Leslie A. Gardner</u>  
**LESLIE A. GARDNER, CHIEF JUDGE**  
**UNITED STATES DISTRICT COURT**